## Ceccotti et al. v. First National Bank of Jessup et al.

*Myron A. Pinkus* and *Alp. L. Casey,* for plaintiffs.
*Laurence D. Savige,* for defendants.

HOBAN, J., March 1, 1940.—Bill in equity to compel the assignment of a mortgage to plaintiffs' nominee upon plaintiffs' offer of payment of the amount due thereon.

Selvino Ceccotti and Angelo Cappellini made a mortgage of their separate properties to Madelina Morosini. Madelina Morosini subsequently assigned the mortgage to the First National Bank of Jessup. Then Selvino Ceccotti died. Plaintiffs Rancy Ceccotti and Remo Ceccotti, minor, now are the owners of the property mortgaged as aforesaid by Selvino Ceccotti. Plaintiffs tendered to defendant bank a sum of money equal to the amount plaintiffs were informed by the bank was due upon the mortgage obligation, and demanded an assignment of the mortgage to the nominee of plaintiffs Rancy and Remo Ceccotti. The bank refused unless there was also paid an additional sum represented by the amount due on a judgment against Angelo Cappellini, which judgment as a lien against the property of Cappellini was junior to that of the mortgage.

The bill further avers that Selvino Ceccotti mortgaged his property as an accommodation mortgagor to secure the debt of Angelo Cappellini, the only one benefited by the loan; that an assignment of the mortgage to the bank was arranged at the instance of Cappellini in order to refinance the mortgage; that it was accepted by the bank for that purpose, as well as for securing other

personal obligations of Angelo Cappellini; that the assignment was made without the knowledge or consent of Selvino Ceccotti; that Selvino Ceccotti received no consideration for the assignment; that the bank at the time the assignment was made knew that Angelo Cappellini had received the full amount of the loan which the mortgage was made to secure, and that Selvino Ceccotti was actually acting as a surety when he made the mortgage.

The bill further avers that unless not only the amount due upon the mortgage is paid to the bank, but the additional amount represented by the judgment against Cappellini is paid, the bank refuses to assign the mortgage as requested and will proceed to foreclose. The bill seeks to compel the assignment of the mortgage to plaintiffs' nominee upon payment of what amount shall be deemed to be due thereon as established in these proceedings, and asks for an injunction to restrain the prosecution of execution proceedings on the mortgage.

It is clear, therefore that what plaintiffs seek is protection against foreclosure of their property to pay the debt of another. Defendant, First National Bank of Jessup, has filed preliminary objections, some of which were cured by the amended bill in equity filed subsequent thereto, but defendant bank now insists that an assignment is not yet warranted under the Act of May 4, 1927, P. L. 710, for the reason that the bank, as the holder of a junior lien against some of the land included in the mortgage, must be considered a party in interest, and has not joined in the application for the assignment.

Hence, we are faced with the unique question as to whether the owner of an obligation upon which a balance is due may, upon the tender of such balance, refuse to transfer it to a party otherwise entitled to receive such transfer, because he is at the same time the owner of another obligation which is also a lien against the property encumbered by the original obligation.

It appears to us that the statement of the question as aforesaid must lead to but one conclusion, to wit, that if

the holding of an obligation, which is a lien on land, gives the holder of the obligation an interest in land in the sense used in the Act of 1927, supra, the holder of a senior obligation as opposed to a junior obligation must certainly have such an interest. But it is to dispose of such an interest that the act authorizes the payment of a debt and the assignment of the obligation. To say that the consent of the holder of such an interest would be required under the act is a contradiction in terms. How, therefore, can the acquiring of a junior obligation by one who already has an interest in the lands encumbered give him a different status to resist by failure to consent to the transfer of the original obligation?

It is also quite apparent from the facts as pleaded that if defendant bank has any interest in the lands encumbered because of the ownership of the junior obligation, the interest is in the lands of Cappellini and not in those mortgaged originally by Ceccotti. Hence, if the mortgage of Ceccotti's land stood as a separate obligation and was pledged as collateral security to better secure the loan to Cappellini, there is no question that if the mortgagor, or his successors in the ownership of the land, paid the debt due under the Cappellini mortgage, they would be entitled to have the collateral returned to them and be subrogated to the creditors' rights against the principal debtor. They would be under no obligation to pay any additional amount owed by Cappellini outside of that secured by the mortgage. Why, therefore, should these plaintiffs now be forced to suffer the possible sale of their property, or the possible risk of being put to action to recover their land after a sale in an effort by a creditor to collect a debt, for part of which at least these plaintiffs are not chargeable, nor is their land as security therefor?

There is a statement in the case of Kiedaisch et ux. v. Elkins Park National Bank et al., 325 Pa. 241, upon which defendant relies to support the contention that the ownership of the junior lien gives defendant an interest in land which calls for defendant's consent before the

senior lien may be assigned. We cannot understand the Kiedaisch case to announce such a rule, since the junior lien in question was a second mortgage and not a judgment, and mortgages in fact, as well as in form, do convey an interest in land. We are, therefore, of the opinion that the proper parties plaintiff, having made a tender of the amount due under the mortgage, have a right to demand that the mortgage be assigned to their nominee.

But objection is taken that neither is the administratrix of the estate of Selvino Ceccotti, is a proper party plaintiff, nor is Angelo Cappellini a proper party defendant. It is not clear from the bill how the administratrix of Ceccotti's estate has any interest in the subject matter of the case, since she is neither an owner, agent, attorney, nor terre-tenant of the encumbered land. However, the bill may be amended by striking out the administratrix as party plaintiff. As to defendant Angelo Cappellini, defendant bank contends that Cappellini should be a party plaintiff rather than defendant. Cappellini has evidenced his consent to the proceeding by affidavit attached to the amended bill in equity, so that he is on record as consenting to the payment to defendant bank of the amount required to pay the mortgage, and to the assignment to plaintiffs' nominee. While no specific prayer in the bill requests any particular action as to defendant Cappellini, under the prayer for general relief it may be that Cappellini as a defendant might be required to furnish a declaration of no set-off if an assignment to plaintiffs' nominee should be decreed. To this extent his interest is adverse to that of plaintiffs and he may be properly made a party defendant.

Objection was taken against the original bill for failure to aver with particularity how the amount tendered as payment of the mortgage was arrived at. By the amended bill plaintiffs now aver that they have tendered a substantially higher amount to defendant bank, upon the bank's own statement that it was the amount due upon the mortgage debt, but have asked this court now to de-

cree an assignment upon the payment of such an amount as should be determined to be the amount due. But they have in no way cured the defect, if it is such, in that they have failed to aver the exact amount claimed to be due, or any computation upon which such claim is based. It would seem, if defendant bank is required to answer, that plaintiffs should set forth their account of such payments as have already been made upon the mortgage and their own computation of the amount averred to be due.

Defendant further argues that there is no equity in this proceeding since plaintiffs have an adequate remedy at law by defense to the scire facias sur mortgage; that since some portion of the mortgage debt is unpaid, there is no adequate defense to the scire facias sur mortgage, and that this bill should be dismissed, and another action brought to the number and term of the foreclosure proceedings should result in a judgment for the bank. But if the bank, by lack of consent as a junior lienholder, may not stop the assignment of the mortgage, there is equity in the bill, for all the bank is entitled to as the holder of the mortgage is to have the debt due under the mortgage paid; and if this is paid by one of the mortgagors, he is entitled to be subrogated to the rights of the bank as against any others liable on the mortgage. The bank may not choose to proceed with its legal remedies under the mortgage for some purpose of its own, having received, or having had offered to it, a sum sufficient to pay the mortgage debt.

Now, March 1, 1940, preliminary objections to the bill in equity going to the including of the administratrix of the estate of Salvino Ceccotti, deceased, as party plaintiff, and to the insufficient averment of the balance due upon the mortgage and plaintiffs' account thereof, are sustained, and the amended bill in equity is directed to be further amended to cure such objections. The other preliminary objections to the bill in equity are dismissed. The amendments directed above are to be made within 10 days from the date hereof.